UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 04-20030-BC
        Honorable David M. Lawson

JAMES EARL SHERWOOD,

        Defendant.
_____/

### ORDER GRANTING DEFENDANT'S *EX-PARTE* APPLICATION FOR PAYMENT OF EXPERT SERVICES

This matter is before the Court on the defendant's *ex-parte* application seeking an additional psychological evaluation at government expense. On August 25, 2004, Magistrate Charles E. Binder entered an order appointing Dr. Charles Clark to evaluate the defendant for criminal responsibility and mental competency. Thereafter, Dr. Clark completed his examination and report and submitted them to the parties and the magistrate judge. A competency hearing was scheduled for January 5, 2005, but was adjourned because the defendant filed a petition for a second psychological examination by an independent expert. On February 24, 2005, the magistrate judge issued an order denying without prejudice the defendant's petition because the defendant had not shown that a second examination was appropriate under the circumstances.

A competency hearing was held on April 15, 2005 after which the magistrate judge determined that the defendant was competent to stand trial. The defendant made an oral motion for a second examination during the hearing, which the magistrate judge denied. The defendant filed timely objections challenging the denial of monies for a second evaluation. On May 26, 2005, this Court began a final pretrial conference on the record with counsel for both parties and the defendant

present. The defendant raised his objections to the magistrate judge's competency findings and denial of a second evaluation. The Court directed the defendant to file supplemental materials, and the present request followed. The government has filed response in opposition.

In an affidavit attached to the request, counsel for the defendant, Arthur M. Fitzgerald, states that he has encountered substantial difficulty in communicating with the defendant. According to defense counsel, he can communicate only a limited basis with his client because his client suffers from memory loss. At other times, the defendant grunts or is totally uncommunicative and cannot recall what happened on the day the alleged criminal conduct occurred. Counsel believes that the defendant can neither participate meaningfully in the proceeding nor assist him in preparing a defense. Consequently, he seeks a second evaluation by a qualified physiological expert.

The Court has reviewed the parties' submissions and finds that a second evaluation is warranted under the circumstances. Title 18, section 3006A(e) provides that

> (1) Upon request. – Counsel for a person who I financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, . . . shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(2). In this case, the defendant is unable to pay for a psychological evaluation by an expert to determine his competency to stand trial. In light of the information submitted by his attorney, further evaluation is necessary to adequately represent the defendant.

Accordingly, it is **ORDERED** that the defendant's *ex-parte* application for payment of expert services [dkt # 43] is **GRANTED**. The defendant is authorized funds in an amount not to exceed $750 for payment of a qualified expert.

It is further **ORDERED** that the expert submit a written report in setting forth his findings

to the parties and the Court on or before **January 15, 2006**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 22, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 22, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---